IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JONATHAN VELA,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiffs*,<br><br>v.<br><br>M&G USA CORPORATION D/B/A/ MOSSI<br>& GHISOLFI USA CORPORATION,<br>INTEGRITY MECHANICAL SPECIALISTS<br>LLC D/B/A IMS – INTEGRITY<br>MECHANICAL SPECIALISTS LLC,<br>RICHARD BRYANT, KENNETH<br>MIDDLETON, ORBITAL INSULATION<br>CORP. AND EDUARDO GRACIAN<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. _____<br><br><br><br>JURY TRIAL<br><br><br><br><br><br>COLLECTIVE/CLASS ACTION |

**ORIGINAL COLLECTIVE & CLASS ACTION COMPLAINT**

Jonathan Vela brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") of M&G USA Corporation d/b/a Mossi & Ghisolfi USA Corporation (hereinafter "M&G"), Integrity Mechanical Specialists, LLC d/b/a IMS – Integrity Mechanical Specialists LLC (hereinafter "IMS"), Richard Bryant ("hereinafter "Bryant"), Kenneth Middleton ("Middleton"), Orbital Insulation Corp. ("Orbital") and Eduardo Gracian ("Gracian") (collectively "Defendants"), to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b). Plaintiff also brings a Rule 23 class action to recover unpaid wages under a common-law debt action.

# I.
# OVERVIEW

1.1 This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2 Plaintiff also brings a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) to recover the wages owed to him and all other current and former employees for work they actually performed and Defendants failed to pay them pursuant to their employment agreement(s).

1.3 Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of Defendants who worked at the M&G Chemicals facility in Corpus Christi, Texas (hereinafter the "Corpus Christi Facility" or the "Jumbo Project") within the last three years.

1.4 Plaintiff and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek.

1.5 Defendants have knowingly and deliberately failed to timely compensate Plaintiff and the Putative Class Members for all hours worked in excess of forth (40) each workweek on a routine and regular basis in the last three years. To make matters worse, Defendants have recently failed to compensate Plaintiff and the Putative Class Members at all.

1.6 The FLSA requires that minimum wage and overtime compensation earned during a workweek must be paid on the regular payday for the period in which the workweek ends. *See* 29 C.F.R. § 790.21(b); *see also* 29 C.F.R. § 778.106.

1.7 Therefore, Defendants' late payment of overtime, and in some cases no payment at all, violates the FLSA.

1.8 Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

1.9     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

1.11    Plaintiff also prays that this Court certify a Rule 23 class action to allow Plaintiff and the Putative Class Members to recover their earned wages that have been illegally withheld by Defendants.

## II.
## THE PARTIES

2.1     Plaintiff Jonathan Vela ("Vela") has been employed by Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period.[2]

2.2     The Putative Class Members are those current and former non-exempt employees of Defendants who were subjected to the same illegal pay system under which Plaintiff worked and was paid.

2.3     The Class Members for the Rule 23 class action are Defendants' current and former employees who were laid off and did not, and have not, received their compensation for the work they performed for Defendants at the Corpus Christi Facility/Jumbo Project.[3]

2.4     Defendant M&G USA Corporation d/b/a Mossi & Ghisolfi USA Corporation ("M&G") is a foreign for-profit corporation, having its having its principal place of business in Apple

---

[2] The written consent of Jonathan Vela is attached hereto as Exhibit "A."

[3] The members of the proposed class and collective actions will wholly overlap, and will be referred to as "Putative Class Members."

Grove, West Virginia, and may be served with process through its registered agent for service, Arthur B. Kotch, 1401 McKinney Street, Suite 1700, Houston, Texas 77010.

2.5 Defendant Integrity Mechanical Specialists, LLC d/b/a IMS – Integrity Mechanical Specialists LLC ("IMS") is a foreign limited liability company, having its principal place of business in Rock Hill, South Carolina, and may be served with process through its registered agent for service, MiddletonRaines + Zapata, LLP, 9235 Katy Freeway, Suite 400, Houston, Texas 77024.

2.6 Richard Bryant ("Bryant") is the President and Chief Executive Officer of Integrity Mechanical Specialists, LLC d/b/a IMS – Integrity Mechanical Specialists LLC, and an employer as defined by 29 U.S.C. § 203(d). Bryant may be served at 454 Anderson Road, Suite 309, Rock Hill, South Carolina 29730, or wherever he may be found.

2.7 Kenneth Middleton ("Middleton") is the Vice President of Integrity Mechanical Specialists, LLC d/b/a IMS – Integrity Mechanical Specialists LLC, and an employer as defined by 29 U.S.C. § 203(d). Middleton may be served at 454 Anderson Road, Suite 309, Rock Hill, South Carolina 29730, or wherever he may be found.

2.8 Defendant Orbital Insulation Corp. ("Orbital") is a Texas corporation, having its principal place of business in Port Arthur, and may be served with process through its registered agent for service, James E. Wimberley, 3120 Central Mall Drive, Port Arthur, Texas 77642.

2.9 Defendant Eduardo Gracian ("Gracian") is the President of Orbital Insulation Corp. and an employer as defined by 29 U.S.C. § 203(d). Gracian may be served at 4123 Blackberry Lane, Port Arthur, Texas 77642, or wherever he may be found.

2.10 Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable

provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

3.1 This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2 This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this district.

3.3 Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4 Specifically, the Corpus Christi Facility/Jumbo Project is located in Nueces County, Texas, which is located within this District and Division.

3.5 Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1 At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2 At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3 At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises

have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4 During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

4.5 In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6 Specifically, Plaintiff and the Putative Class Members are (or were) **<u>non-exempt</u>** employees of Defendants who were engaged in welding, pipe fitting, iron work, millwright, scaffolding, insulation and other general labor services building for Defendants and their customers. 29 U.S.C. § 203(j).

4.7 At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8 The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees of M&G USA Corporation d/b/a Mossi & Ghisolfi USA Corporation, Integrity Mechanical Specialists LLC d/b/a IMS – Integrity Mechanical Specialists LLC, Richard Bryant, Kenneth Middleton, Orbital Insulation Corp. and Eduardo Gracian, who worked at the Corpus Christi Facility/Jumbo Project at any time in the last three years."

4.9 The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

# V.
# FACTS

5.1	The Mossi Ghisolfi Group, which includes Defendant M&G, was established in 1953 in Italy and is among the world's three largest producers of PET or packing applications.[4]

5.2	PET, or polyethylene terephthalate, is a thermoplastic, polymer resin used to make synthetic fibers and liquid containers, including those for soft drinks, water and cooking oils.

5.3	Defendant M&G is constructing the world's largest PTA/PET plant in Corpus Christi, Texas.[5] Construction on the Corpus Christi Facility began in 2011 and is nearing completion.[6]

5.4	Defendant IMS provides welding, pipe fitting, iron work, and millwright services to various large-scale construction projects throughout the United States and abroad.[7]

5.5	Defendant IMS was hired by Defendant M&G to construct the Corpus Christi Facility/Jumbo Project.[8]

5.6	Defendant Bryant is the Founder, President and CEO of Defendant IMS and an employer as defined by 29 U.S.C. § 203(d).[9]

5.7	Defendant Middleton is the Vice President of Defendant IMS and an employer as defined by 29 U.S.C. § 203(d).[10]

---

[4] *See* http://www.mgcorpuschristi.com/en, *see also* http://www.gruppomg.com/en/about/group-profile.

[5] *See* http://www.mgcorpuschristi.com/en/corpus-christi/the-projects.

[6] *Id.*

[7] *See* http://imsweld.com.

[8] *See* http://imsweld.com/the-jumbo-project/.

[9] *See* http://imsweld.com/person/richard-bryant-2/.

[10] *See* http://imsweld.com/person/kenny-middleton/.

5.8 Defendant Orbital provides insulation, scaffolding and general labor services to various industries including but not limited to: petrochemical, refinery, power plants, hospitals, universities, marine and scientific.[11]

5.9 Defendant Gracian is the President of Defendant Orbital and an employer as defined by 29 U.S.C. § 203(d).

5.10 Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

5.11 Defendants directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

5.12 Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

5.13 Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

5.14 Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

5.15 Defendants shared the services of Plaintiff and the Putative Class Members.

5.16 Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

5.17 Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

---

[11] *See* http://orbitalinsulationcorp.com.

5.18   Moreover, all Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

5.19   As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

5.20   To provide their services, Defendants employed Plaintiff and hundreds of similarly situated hourly workers (Putative Class Members) at the Corpus Christi Facility/Jumbo Project – all of these individuals make up the potential or putative class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work at the Corpus Christi Facility/Jumbo Project.

5.21   To make matters worse, as of December 8, 2016, Plaintiff and the Putative Class Members have not been paid at all for their work that was performed during the pay period of November 27, 2016 through December 3, 2016.

5.22   Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but often did not receive their overtime pay until weeks and months later in violation of the most basic tenets of the FLSA—that is, a day late truly is a dollar short.

5.23   Accordingly, Defendants' pay policies and practices violated (and continue to violate) the FLSA.

# VI.
# CAUSES OF ACTION

## A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

6.1 Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without (a) compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed and (b) not compensating such non-exempt employees the amount of overtime compensation they should have been paid on the next scheduled pay date.

6.2 Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of (a) failing to timely pay Plaintiffs and other similarly situated employees overtime compensation for all of the overtime hours they worked and (b) failing to pay Plaintiff and other similarly situated employees for any of the hours they worked in certain workweeks. 29 U.S.C. § 255(a).

6.3 Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4 Defendants are sophisticated parties and employers, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

6.5 Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay them according to the law.

6.6 The decisions and practices by Defendants to not timely pay overtime and in some cases not pay for any hours worked at all was neither reasonable nor in good faith.

6.7 Accordingly, for any workweeks in which no compensation was paid at all, Plaintiff and the Putative Class Members are entitled to be paid their hourly rate for all straight time hours up

to forty (40) hours, and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

6.8     For any workweeks in which Plaintiff and the Putative Class Members worked in excess of forty (40) hours per workweek and did not receive overtime compensation on the next scheduled pay date, Plaintiff and the Putative Class Members are entitled to liquidated damages in an amount equal to their overtime compensation, plus attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.9     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who are (or were) similarly situated to Plaintiffs with regard to the work they have performed and the manner in which they have been untimely paid or, in some cases, not paid at all.

6.10    Other similarly situated employees of Defendants have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

6.11    The Putative Class Members are "all current and former employees of M&G USA Corporation d/b/a Mossi & Ghisolfi USA Corporation, Integrity Mechanical Specialists LLC d/b/a IMS – Integrity Mechanical Specialists LLC, Richard Bryant, Kenneth Middleton, Orbital Insulation Corp. and Eduardo Gracian, who worked at the Corpus Christi Facility/Jumbo Project at any time in the last three years."

6.12    Defendants' failure to timely pay overtime wages for all of the overtime hours worked and, in some cases, the failure to pay at all, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of the Plaintiff and Putative Class Members.

6.13    Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.14    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.15    All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.16    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.17    Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF M&G USA CORPORATION D/B/A/ MOSSI & GHISOLFI USA CORPORATION, INTEGRITY MECHANICAL SPECIALISTS LLC D/B/A IMS – INTEGRITY MECHANICAL SPECIALISTS LLC, RICHARD BRYANT, KENNETH MIDDLETON, ORBITAL INSULATION CORP. AND EDUARDO GRACIAN, WHO WORKED AT THE CORPUS CHRISTI FACILITY/JUMBO PROJECT AT ANY TIME IN THE LAST THREE YEARS.**

## VII.
## FEDERAL RULE OF CIVIL PROCEDURE 23(B)(3) CLASS ACTION FOR RECOVERY OF A DEBT

**A.    CLASS ACTION TREATMENT IS APPROPRIATE**

7.1    Plaintiff brings this class action on behalf of himself and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

7.2    The Class which the Plaintiff seeks to represent is adequately ascertainable, objectively verifiable, and is defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF M&G USA CORPORATION D/B/A/ MOSSI & GHISOLFI USA CORPORATION, INTEGRITY MECHANICAL SPECIALISTS LLC D/B/A IMS – INTEGRITY MECHANICAL SPECIALISTS LLC, RICHARD BRYANT, KENNETH MIDDLETON, ORBITAL INSULATION CORP. AND EDUARDO GRACIAN, WHO WORKED AT THE CORPUS CHRISTI FACILITY/JUMBO PROJECT**

7.3 This class action is appropriate because it satisfies all prerequisites of Federal Rule of Civil Procedure 23(a), and is shown as follows:

(1) **Numerosity**—the class is so numerous that joinder of all members is impracticable. On information and belief, Defendants directly and jointly employed in excess of five hundred (500) workers at the Corpus Christi Facility/Jumbo Project.[12] FED. R. CIV. P. 23(a)(1); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) ("A class consisting of 100 to 150 members is within the 'range that generally satisfies the numerosity requirement.'")

(2) **Commonality**—there are questions of law and fact common to the class. Plaintiffs and the class members all share a common-law debt claim against Defendants for unpaid wages. Upon the termination of IMS' contract with Defendant M&G, Orbital laid-off all of its employees and failed to pay them their final wages for their hours worked. Defendants, as vertical employers, also failed to ensure that Plaintiff and the Putative Class Members were compensated. *See* FED. R. CIV. P. 23(a)(2).

(3) **Typicality**—the claims of Plaintiff are typical of the claims of the class members. In fact, the claims of Plaintiff are identical to the claims of the Putative Class Members because all claims (including Plaintiff and the Putative Class Members' FLSA

---

[12] At all relevant times, Defendants were also vertical employers of Plaintiff and the Putative Class Members.

claims) arise from Defendants' failure to compensate their employees for many weeks of labor, including their overtime. *See id.* at 23(a)(3).

    (4) **Adequacy of Representation**—Plaintiff will fairly and adequately protect the interests of the Putative Class Members. There are no conflicts of interest between Plaintiff and the Putative Class Members. Additionally, the undersigned attorneys are financially able to prosecute the action to the fullest extent of the law. *See id.* 23(a)(4).

7.4    This class action is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because class treatment is a superior method to ensure the fair and efficient resolution of this controversy and all issues of law and fact are identical amongst the class members. *See id.* 23(b)(3).

7.5    Allowing the litigation to proceed on a class wide basis is in the class members' best interest because their claims for unpaid wages and overtime are comparatively modest, thereby rendering litigation outside of the class context both expensive and burdensome.

7.6    Additionally, the Putative Class Members are specialized tradesmen and journeymen who regularly travel from job to job, as opportunity arises. As such, it would be difficult, if not impossible for the class members to successfully prosecute their claims, before a court or commission, without representative assistance.

7.7    Finally, should a class member prefer to move forward individually, they are free to follow the opt-out procedure and do so. Therefore, the Putative Class Member's interests are best served by this collective treatment and this factor favors certification. *See id.* 23(b)(3)(A).

7.8    To date, there is no other litigation pending on these issues. As such, this factor favors class treatment. *See id.* 23(b)(3)(B).

7.9    Resolving Plaintiff and the Putative Class Members' claims together in this forum is the most efficient and effective possible outcome. Plaintiff has filed a proposed collective action pursuant section 216(b) to the FLSA that includes the Putative Class Members implicated by this debt

action.  Consolidating Plaintiff and the Putative Class Members' claims for their unpaid wages along with their claims for their unpaid overtime before the same Court will save the parties considerable time and expense and prevent duplicative litigation that would unduly burden the Court.  *See id.* at 23(b)(3)(C). This factor favors certification.

7.10     There are no difficulties in managing this as a class action.  As stated, Plaintiff has filed this action as a proposed collective action under section 216(b) of the FLSA and Plaintiff's attorneys regularly litigate large collective and class actions across the United States. There is no greater difficulty in resolving this as a Rule 23 class action.  Therefore, this factor also favors certification.  *See id.* at 23(b)(3)(D).

**B.     PLAINTIFF'S COMMON LAW CLAIMS TO RECOVER ON A DEBT**

7.11     Plaintiff brings this common-law action for the recovery of a debt and assert that Defendants breached their agreement to pay them for the work they performed on Defendants' behalf.

7.12     Plaintiff and the Putative Class Members are entitled to recover their unpaid wages as per their agreements with Defendants.

7.13     Defendants have benefitted from Plaintiff and the Putative Class Members' skill, expertise, and labor, and have been unjustly enriched as a result of their failure to pay Plaintiff and the Putative Class Members.

7.14     As such, Defendants breached the contract (or alternatively, breached the quasi-contract) between the parties and Plaintiff and the Putative Class Members are entitled to recover the amount owed for their hours worked (or alternatively are entitled to recover their unpaid wages via quantum meruit for Defendants' unjust enrichment.)

# VIII.
# RELIEF SOUGHT

8.1 Plaintiff respectfully pray for judgment against Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order compelling the accounting of the books and records of Defendants; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:    /s/ *Clif Alexander*
      **Clif Alexander**
      Federal I.D. No. 1138436
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Austin W. Anderson**
      Federal I.D. No. 777114
      Texas Bar No. 24045189
      austin@a2xlaw.com
      **Lauren E. Braddy**
      Federal I.D. No. 1122168
      Texas Bar No. 24071993
      lauren@a2xlaw.com
      **ANDERSON2X, PLLC**
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      **ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**