UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JONATHAN VELA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-00013 |
| § | |
| INTEGRITY MECHANICAL § | |
| SPECIALISTS LLC d/b/a IMS – § | |
| INTEGRITY MECHANICAL § | |
| SPECIALISTS LLC; RICHARD § | |
| BRYANT; ORBITAL INSULATION § | |
| CORP.; and EDUARDO GRACIAN, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

On April 16, 2018, Plaintiff filed his Motion for Summary Judgment (D.E. 46) against Defendants Integrity Mechanical Specialists LLC d/b/a IMS-Integrity Mechanical Specialists LLC (IMS), Richard Bryant (Bryant), Orbital Insulation Corp. (Orbital), and Eduardo Gracian (Gracian). For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART.

### PROCEDURAL POSTURE

On May 21, 2018, the Court issued its Order Regarding Stay and Pending Motion (D.E. 47), noting that Defendants IMS and Bryant are listed as appearing pro se, and that they had not been served with the motion for summary judgment. (D.E. 46). The Court therefore ordered Plaintiff to re-serve the motion against those Defendants and to file an amended certificate of service reflecting that service. The Court then extended the response date to accommodate the un-served Defendants. D.E. 47.

To date, Plaintiff has not filed an amended certificate of service and it appears that Defendants IMS and Bryant have not been served with the motion. Sufficient time for re-service of the motion has elapsed and the Court therefore takes it under submission and issues this Order.

The motion is DENIED as to Defendants IMS and Bryant as they have not been served with the motion. This denial is without prejudice to proceed on any appropriate request for entry of default and motion for default judgment.

With respect to Defendants Orbital and Gracian, the motion was properly served, but no response was filed by the initial submission date of May 7, 2018. Defendants Orbital and Gracian did not respond to the Court's inquiries regarding any reason for failure to timely respond and no response has been forthcoming during the extended response period. According to this Court's Local Rule 7.4, a failure to respond is a representation of no opposition to the relief sought.

## FACTS

The Court finds that Defendants Orbital and Gracian have admitted to certain facts in their answer:

- Plaintiff Vela was an employee of Orbital and worked at the M&G Chemicals facility. D.E. 10, ¶ 1.3.

- Plaintiff Vela is an FLSA non-exempt employee of Defendant Orbital. *Id*., ¶¶ 1.8, 4.6.

- Plaintiff has been employed by Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. *Id*., ¶ 2.1.

- Defendant Gracian is the President of Defendant Orbital and an employer as defined by 29 U.S.C. § 203(d). *Id*., ¶¶ 2.9, 5.9.

- Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). *Id.*, ¶ 4.3; *see also* D.E. 1, ¶ 4.3.

According to Plaintiff Vela's uncontroverted summary judgment evidence, Orbital and Gracian failed to compensate him for at least one pay-period in the amount of $920.00, therefore failing to pay minimum wage as required by the FLSA. D.E. 46-6.

## DISCUSSION

Upon the evidence provided, Defendants Orbital and Gracian are liable to Plaintiff Vela in the amount of $920.00 for unpaid back wages. Defendants Orbital and Gracian are further liable to Plaintiff Vela in the amount of $920.00 as additional liquidated damages. 29 U.S.C. § 216(b). Plaintiff is entitled to judgment in the total amount of $1,840.00 against Defendants Orbital and Gracian, jointly and severally, for compensatory damages and may apply for attorney's fees and costs by separate motion.

In the alternative, should he elect to recover under his quantum meruit theory, the same facts entitle Plaintiff Vela to the amount of $920.00 in compensatory damages, jointly and severally, against Defendants Orbital and Gracian.

The motion for summary judgment (D.E. 46) is thus GRANTED IN PART as against Defendants Orbital and Gracian and DENIED IN PART as to Defendants IMS and Bryant.

ORDERED this 23rd day of July, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE