UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JONATHAN VELA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-13 |
| | § | |
| M&G USA CORPORATION; dba MOSSI & GHISOLFI USA CORPORATION, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT AND
MOTION FOR ATTORNEYS' FEES AND LITIGATION COSTS**

Plaintiff Jonathan Vela brought this action, seeking unpaid wages and other relief under the Fair Labor Standards Act (FLSA) and state common law. Vela named several defendants, including Eduardo Gracian, Orbital Insulation Corp. (Orbital), and Integrity Mechanical Specialists, LLC d/b/a IMS - Integrity Mechanical Specialists LLC (IMS). After the Court entered summary judgment against Orbital and Gracian (D.E. 49), Plaintiff moved for attorneys' fees and costs (D.E. 59). Neither defendant responded to the motion. Plaintiff subsequently moved for default judgment against IMS, seeking the same attorneys' fees and costs described in his motion against Orbital and Gracian. D.E. 61. IMS has not responded to the motion.

For the following reasons, Vela's motion for attorneys' fees and costs against Orbital and Gracian is GRANTED IN PART and DENIED IN PART. D.E. 59. His motion for default judgment against IMS is also GRANTED IN PART and DENIED IN PART. D.E. 61. The Court grants all relief, except that it approves attorneys' fees of $39,725 rather than the requested $40,275.

## BACKGROUND

IMS's failure to reply to Plaintiff's Second Amended Complaint constitutes an admission of all factual allegations in that complaint. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Similarly, IMS has failed to controvert Plaintiff's declaration supporting his request for default judgment. *See* Southern District of Texas Local Rule 7.4. For these reasons, the Court finds Plaintiff has shown the following facts.

Defendant IMS provided welding, pipe fitting, iron work, and millwright services to the Mossi Ghisolfi Group (M&G), a company that was constructing a polyethylene terephthalate production facility in Corpus Christi, Texas. D.E. 44, ¶¶ 5.1–5.5. Plaintiff was engaged in welding, pipe fitting, iron work, millwright, scaffolding, insulation and other general labor services at the facility. D.E. 44, ¶ 4.6. Defendants Orbital Insulation Corporation and Eduardo Gracian employed Plaintiff, though IMS also shared control of his work. D.E. 61-1, p. 2. In particular, each of these defendants directed his work and controlled his work schedule on a daily basis. D.E. 61-1, p. 2. Nonetheless, IMS never paid Plaintiff for the 40 hours he worked from November 27, 2016, to December 3, 2016. D.E. 44, ¶ 5.20; 61-1, p. 2. This work entitled Plaintiff to wages of $920, as his hourly rate was $23. D.E. 61-1, p. 2.

## LEGAL STANDARD

A party may move a court to enter default judgment under Federal Rule of Civil Procedure 55(b)(2). This is, however, a "drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican*

*Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). It is only available when "the adversary process has been halted because of an essentially unresponsive party." *Id.* (citations and quotations omitted). A motion for default judgment requires courts to determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Joe Hand Promotions, Inc. v. Casison*, No. 7:18-CV-323, 2019 WL 3037074, at *2 (S.D. Tex. July 11, 2019).

Plaintiffs must follow the appropriate procedures to obtain a default judgment. A court may not enter a default judgment against a minor or incompetent person, unless they are represented by a general guardian, conservator, or other fiduciary. Fed. R. Civ. P. 55(b). And, if the defendant does not make an appearance, a court cannot enter default judgment until the plaintiff files an affidavit regarding the defendant's military status. 50 U.S.C. § 3931. In every case, Local Rule 5.5 also requires plaintiffs to serve their motion on the defendant via certified mail, return receipt requested.

Beyond these requirements, courts should also consider "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Even if all procedural requirements are met, a default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quotations and citations

omitted). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). At the same time, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Moreover, courts cannot award unliquidated damages without conducting a hearing. *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 414 (5th Cir. 1998). But hearings are unnecessary where damages are "capable of mathematical calculation." *Id*.

## DISCUSSION

For the following reasons, the Court finds (1) all procedural requirements for default judgment are met; (2) Plaintiff is entitled to his requested damages under the FLSA; and (3) Plaintiff is entitled to his requested costs and $39,725 in attorneys' fees.

### I. Procedural Requirements

All procedural requirements for default judgment have been met. For reasons explained in the Court's Order Striking Answer, IMS has defaulted in this case. D.E. 53, 54. The grounds for default are clearly established. IMS offers no justification for its default, so the Court has no indication it would ever need to vacate this judgment. Default judgment is not unduly harsh, given IMS's general failure to defend and its violation of court order. Finally, Plaintiff properly served his motion by mailing it via certified mail, return receipt requested, to IMS's last known address. D.E. 62.

## II. Entitlement to Relief and Damages

For Plaintiff Vela to prevail on his claim for unpaid compensation under the FLSA, he must make a colorable claim that: (1) he had an employer-employee relationship with the defendant; (2) the FLSA covered his work; and (3) the defendant violated the FLSA. *Moore v. Special Dist. Srvs. Inc.*, No. No. H-06-3946, 2007 WL 2318478, at *1 (S.D. Tex. Aug. 8, 2007) (citing Laurie E. Leader, *Wages & Hours: Law and Practice*, § 9.03[2]). To secure default judgment, Plaintiff must also prove his damages.

For the following reasons, Plaintiff has carried his burden and shown that IMS is jointly and severally liable for damages under the FLSA, which are $920 in unpaid wages and another $920 in liquidated damages. *See* 29 U.S.C. § 260; *Nero v. Indus. Molding Corp.*,167 F.3d 921, 928 (5th Cir. 1999).

***Employer-Employee Relationship.*** Plaintiff Vela alleges that IMS, Orbital Insulation Corporation, and Eduardo Gracian were joint employers under 29 C.F.R. § 791.2(b)(3), because they shared control of his employment. In support of this argument, Vela says he worked "directly" for Orbital and Gracian, and was "subject to the control" of IMS. D.E. 61-1, p. 2. In particular, each of these defendants "directed [his] work and controlled [his] work schedule on a daily basis." D.E. 61-1, p. 2. This shows an employer-employee relationship between IMS and Vela.

***FLSA Coverage.*** To benefit from FLSA coverage, Plaintiff must show he or IMS was engaged in interstate or foreign commerce, or in the production of goods for interstate or foreign commerce. *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir.1992); 29 U.S.C. § 203(b). "Any regular contact with commerce, no matter how small, will result in coverage."

*Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (citation and quotations omitted). Plaintiff claims he "communicated across state lines with his employers, utilized the Internet in the course and scope of his employment, and made telephone calls out of state to various individuals and entities in the furtherance of his duties." D.E. 44, ¶ 4.4. He also "worked daily with foreign materials," including "steel from China." D.E. 44, ¶ 4.7. Vela, therefore, adequately alleges FLSA coverage.

***FLSA Violation and Damages.*** Plaintiff's declaration establishes that IMS never paid him for the 40 hours he worked from November 27, 2016, to December 3, 2016. D.E. 61-1, p. 2. Because IMS failed to pay Vela his earned wages, it violated the FLSA. 29 U.S.C. § 206. Vela's declaration also establishes that his hourly rate was $23. D.E. 61-1, p. 2. The Court can, therefore, calculate his damages without a hearing by multiplying his hourly rate of $23 per hour by his 40 hours of unpaid labor. His damages are $920 in unpaid wages and another $920 in liquidated damages. *See* 29 U.S.C. § 260; *Nero*, 167 F.3d at 928.

## III. Attorneys' Fees and Costs

In his separate motions, Plaintiff claims Gracian, IMS, and Orbital are jointly and severally liable for attorneys' fees of $40,275 and costs of $3,161.82.[1] D.E. 59, 61. The Court agrees, except that it approves attorneys' fees of $39,725 rather than the requested of $40,275.

---

[1] Plaintiff says all defendants are jointly and severally liable. The Court only addresses Gracian, IMS, and Orbital, as it has not found the other defendants substantively liable.

A.   **Attorneys' Fees**

Plaintiff's request for attorneys' fees is based on the work of Clif Alexander (37 hours at $450 per hour); Austin Anderson (29 hours at $500 per hour); Lauren Braddy (18 hours at $400 per hour); and an unnamed paralegal (11 hours at $175 per hour). The Court will reduce the paralegal's total fee by $550 because Plaintiff has not justified a rate of $175 per hour. The Court instead approves a rate of $125. The fees are otherwise approved at a total of $39,725.

The FLSA requires employers who violate the statute to pay attorneys' fees. 29 U.S.C. § 216(b). These are calculated using the lodestar method, which is determined by "multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Singer v. City of Waco*, Tex., 324 F.3d 813, 829 (5th Cir. 2003) (quotations and citations omitted). After making this calculation, a court may make an upward or downward adjustment based on factors prescribed in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).

Fee applicants bear the burden of establishing the appropriate hours and hourly rates, and that they exercised good billing judgment. *Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002). An applicant can meet their burden by presenting evidence showing what hours should be included in the reimbursement. *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Thus, courts generally require applicants to produce documentation of their time. *Id*.

***Hours Billed.***  Rather than detailed, task-specific billing records, Plaintiff provided the Court with the total time spent on this litigation for his three attorneys and a paralegal.

Nonetheless, it is apparent that counsel worked on time-intensive tasks, including drafting the complaint, successfully moving for summary judgment, successfully moving to lift a stay, successfully moving to strike IMS's pleadings, and, now, successfully moving for default judgment. This is in addition to the more mundane task of conferring with opposing parties about scheduling and other issues, which was complicated by bankruptcy proceedings and withdrawal of IMS's counsel. Plaintiff's claimed 95 hours of work is reasonable under these circumstances, and reflects good judgment.

*Hourly Rate.* Plaintiff requests hourly rates ranging from $400 to $500 for the three attorneys working on this case. The Court finds these are reasonable rates. Each attorney has practiced for at least nine years, much of which consisted of employment litigation. Moreover, the requested rates are in line with recent court-approved rates for employment attorneys in Texas. *See, e.g.*, *Picasso v. Halal Beasley Ranch*, LLC, No. 3:18-CV-53, 2019 WL 4054036 (S.D. Tex. Aug. 28, 2019) (approving rate of $400); *Johnson v. Sw. Research Inst.*, No. CV 5:15-297, 2019 WL 4003106 (W.D. Tex. Aug. 23, 2019) (approving "weighted" rate of $445 and top rate of $585). The Court will make no adjustment based on the *Johnson* factors, as no party has requested an adjustment.

Plaintiff also requests a rate of $175 for an unnamed paralegal, but has failed to show any fact justifying this rate. The Court will approve a rate of $125 per hour, as have other courts in the Southern District of Texas in similar circumstances. *See, e.g.*, *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012) (approving rate of $125 for a paralegal where fee applicant failed to provide evidence of market rates).

For these reasons, the Court approves total attorneys' fees of $39,725.

### B. Costs

Citing 28 U.S.C. § 1920 and 29 U.S.C. § 216, Plaintiff also requests $3,161.82 in costs, which include filing fees, service fees, postage, legal research, and docket fees. These costs may be awarded in FLSA actions. *Hilton v. Exec. Self Storage Assocs., Inc.*, No. CIV.A. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009). The Court finds Plaintiff's request reasonable, and approves it.

### C. Joint and Several Liability

A court may hold defendants jointly and severally liable for attorneys' fees and costs if the plaintiff claims a "single indivisible injury" and such liability would not lead to inequitable results. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996). In making this determination, courts also consider whether the defendants "played a substantial role in the litigation." *Id*. At least one federal court in Texas has imposed joint and several liability for fees in an FLSA action. *See Rodriguez v. Mech. Tech. Servs., Inc.*, No. 1:12-CV-710-DAE, 2015 WL 8362931, at *3 (W.D. Tex. Dec. 8, 2015).

The Court finds defendants Gracian, IMS, and Orbital are jointly and severally liable for Plaintiff's fees and costs. Plaintiff's claims arise from a single indivisible injury, as he alleges all defendants are joint employers under the FLSA and each denied him wages. Indeed, his motion for summary judgment against Gracian and Orbital sought wages for the same work week as the instant motion for default judgment. Moreover, the Court sees no inequity in imposing joint and several liability. These three defendants have participated roughly equally in this litigation. Each answered the original complaint (D.E. 8, 10) and participated in case management (D.E. 14), before failing to respond to dispositive motions.

Defendants point to no other potential inequity, as they have not opposed Plaintiff's motions.

## CONCLUSION

Plaintiff's motion for default judgment against IMS is GRANTED IN PART and DENIED IN PART. D.E. 61. The Court grants all requested relief, except that it approves attorneys' fees of $39,725 rather than the requested $40,275. Plaintiff's motion for attorneys' fees and costs against Orbital and Gracian is GRANTED IN PART and DENIED IN PART. D.E. 59. IMS, Orbital, and Gracian are jointly and severally liable for the attorneys' fees and costs. Plaintiff is further entitled to post-judgment interest at the federal post-judgment interest rate. Plaintiff is ORDERED to file a proposed judgment in accordance with the relief granted in this Order by **February 10, 2020**.

ORDERED this 27th day of January, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE